**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

United States of America,

Plaintiff,

v.

Migdelia Irma Mendoza,

Defendant.

No. 26-08852MJ-001-TUC-MSA

**ORDER**

Before the Court is the Government's "Motion for Stay of Release and Review of Magistrate Judge's Release Order" (Doc. 3). Defendant opposes the Government's Motion for Stay, arguing 18 U.S.C. § 3145(a) does not authorize automatic stay of a release order, and the Government has not met its burden of satisfying the factors required for a stay. Doc. 4. The Court will grant the stay and set an expedited hearing.

Although 18 U.S.C. § 3145(a) does not expressly authorize a stay of release pending review of a magistrate judge's release order, courts have routinely found this authority to be implicit in the Bail Reform Act's statutory scheme. *See, e.g.*, *United States v. Brigham*, 569 F.3d 220, 2030 (5th Cir. 2009) (collecting cases); *United States v. Petersen*, 557 F. Supp. 2d 1124, 1129 (E.D. Cal. 2008) (finding authorization to stay under § 3142(f)(2)(B) and reasoning that § 3145(a) provides a safeguard against unduly extended detention during review). There is limited case law on what standard the Government must satisfy to obtain a stay of release pending review. *See United States v. Bryant*, 778 F. Supp. 3d. 14, 19 (D.D.C. 2025) ("[T]here is a dearth of case law from judges applying [the *Nken*] factors

to resolve the government's motion to stay a release order."). Though short stays pending the resolution of an appeal of a release order are routinely granted without analyzing the traditional stay factors, another judge in this District has found that "[a] stay of a release order can only be issued if the Government shows either a likelihood of success on the merits or can at least demonstrate a substantial case on the merits and other factors that militate against release." *United States v. Moon*, No. CR-22-0700-DWL, 2025 WL 2879750, at *3 (D. Ariz. Oct. 9, 2025) (quoting *United States v. Salazar-Andujo*, 599 F. Supp. 3d 491, 496 (W. D. Tex. 2022)).

Here, the Government's Motion for Stay does not contain any facts on which the Court could grant a stay of release on the merits. However, the Court has reviewed the record and finds that, based on the Pretrial Services Report and the arguments made before Judge Ambri at the Detention hearing, there are several factors that may weigh against release, and the Government has a substantial case on the merits. *See, e.g.*, Doc. 6 at 4 (assessing risk of non-appearance based on frequent travel and ties to Mexico and risk of danger to the community based on the nature of the alleged offense). If Defendant is released pending briefing and a hearing and flees, the Court's review of the release order would be futile. *See Brigham*, 569 F.3d at 230 ("[T]he absence of stay authority could render the district court's review power illusory.").

The Court acknowledges that prolonged detention pending its review implicates Defendant's due process rights. In order to minimize any prejudice to Defendant, the court will set an expedited briefing schedule and hearing.

Accordingly,

**IT IS ORDERED granting in part** the Government's "Motion for Stay of Release and Review of Magistrate Judge's Release Order" (Doc. 3). The Order setting conditions of release is temporarily stayed until 12:00 P.M. on Friday, April 24, 2026.

///

///

///

- 2 -

**IT IS FURTHER ORDERED setting a hearing** on the Government's appeal of the magistrate judge's release order for **Friday, April 24, 2026**, at **11:00 A.M.** for one hour in Courtroom 5B.

Dated this 22nd day of April, 2026.

John C. Hinderaker
United States District Judge