

FILED ___ LODGED
___ RECEIVED ___ COPY

MAY 1 2 2026

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

PATRICK E. CHAPMAN
Assistant United States Attorney
Arizona State Bar No. 025407
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: Patrick.Chapman@usdoj.gov
Attorneys for Plaintiff

REDACTED FOR
PUBLIC DISCLOSURE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. | CR-26-00489-PHX-MTL (MTM) |
|---|---|---|
| Plaintiff, | | **INDICTMENT** |
| vs. | VIO: | 18 U.S.C. § 554(a) (Attempted Smuggling Goods from the United States) Count 1 |
| Migdelia Irma Mendoza, | | |
| Defendant. | | 18 U.S.C. §§ 924(d) and 981, 21 U.S.C. § 853; and 28 U.S.C. § 2461(c) (Forfeiture Allegation) |

**THE GRAND JURY CHARGES:**

### LEGAL BACKGROUND

*The Export Control Reform Act of 2018 and the Export Administration Regulations*

1. The Export Control Reform Act of 2018 ("ECRA") provides, among its stated policy objectives, that the national security and foreign policy of the United States require that the export, reexport and in-country transfer of items . . . be controlled." 50 U.S.C. § 4811(2). To that end, ECRA grants the President the authority "to control . . . the export, reexport, and in-country transfer of items subject to the jurisdiction of the United States, whether by United States persons or by foreign persons." *Id.* § 4812(a). ECRA

further grants the Secretary of Commerce the authority to establish the applicable regulatory framework.

2. Pursuant to that and prior authority, the Department of Commerce's Bureau of Industry and Security ("BIS") reviews and controls the export of certain items, including goods, software, and technologies, from the United States to foreign countries through the Export Administration Regulations ("EAR").

3. In particular, the EAR restrict the export of items that could make a significant contribution to the military potential of other nations or that could be detrimental to the foreign policy or national security of the United States. The EAR impose licensing and other requirements for certain items to be lawfully exported from the United States or lawfully reexported from one foreign destination to another. Pursuant to ECRA, any person who willfully commits, attempts to commit, or conspires to commit, or aids or abets in the commission of a violation of any regulation, order, license, or other authorization issued under ECRA shall be guilty of a crime.

4. The most sensitive items subject to EAR controls are identified on the Commerce Control List ("CCL"), published at 15 C.F.R. Part 774, Supp. No. 1. Items on the CCL are categorized by an Export Control Classification Number ("ECCN") based on their technical characteristics. Each ECCN has export control requirements depending on the destination, end user, and end use. Since May 30, 2024, different types of firearms are designated by separate ECCNs and are subject to different controls. Relevant here, firearms are controlled under 0A501, shotguns are controlled under 0A502, semi-automatic rifles equal to .50 caliber or less are controlled under 0A506, and semi-automatic pistols equal to .50 caliber or less are controlled under 0A507. The firearms designated under these ECCNs are all controlled for national security, regional stability, firearms convention, crime control, and anti-terrorism reasons, and therefore require a license for export or reexport to Mexico.

5. Accordingly, at all times relevant to this Indictment, a license from BIS was required to export any of the below items from the United States to Mexico.

*The Arms Export Control Act and the International Traffic in Arms Regulations*

6. The Arms Export Control Act ("AECA"), 22 U.S.C. § 2778, authorizes the President of the United States, among other things, to control the export of "defense articles" by designating items, such as certain weapons and their components, on the USML, which is codified at 22 C.F.R. § 121.1. It is a crime for anyone to willfully violate any provision of the AECA or its attendant regulations, the International Traffic in Arms Regulations ("ITAR"), 22 C.F.R. Parts 120 through 130.

7. The AECA and the ITAR require a person to apply for and obtain an export license from the United States Department of State's DDTC before exporting defense articles from the United States under 22 U.S.C. § 2778(b)(2) and 22 C.F.R. § 120.14(a). Accordingly, it is a crime for an exporter to willfully fail to obtain an export license or other written authorization from the DDTC before exporting a defense article to another country. 22 U.S.C. § 2778(c). Pursuant to the ITAR, it is a violation for a person to conspire to export or to cause to be exported any defense article without a license. 22 C.F.R. § 127.1(a)(4). It is also unlawful for any person to "knowingly or willfully cause, or aid, abet, counsel, demand, induce, procure, or permit the commission of any act prohibited by 22 U.S.C. § 2778," or any regulation issued there under. 22 C.F.R. § 127.1(d).

8. "Export" is defined in the ITAR as an actual shipment of a defense article from the United States, including by sending or taking a defense article out of the United States in any manner. 22 C.F.R. § 120.50(a)(1).

9. The USML sets forth twenty-one categories of defense articles that are subject to the ITAR and the DDTC's export licensing controls. 22 C.F.R. § 121.1. As relevant here, at all times relevant to this Indictment, Category IV(b)(2) included "mobile launcher mechanisms for any system enumerated in paragraphs (a)(3) through (a)(5) of this category (e.g., launch tables, TOW missile, MANPADS)."

- 3 -

10. Accordingly, at all times relevant to the conduct described herein, it has been illegal to export the above-described defense articles without a license to the country of Mexico.

## COUNT 1

11. The allegations in paragraphs 1 through 10 are realleged and incorporated here by reference.

12. On or about April 19, 2026, in the District of Arizona, Defendant MIGDELIA IRMA MENDOZA knowingly and fraudulently attempted to export and send from the United States merchandise, articles, and objects, namely AR-style rifles, AK-style rifles, an AK-style pistol, AK-style magazines, pistol grips, rifle buttstocks, and one Rocket Propelled Grenade launcher tube, contrary to a law or regulation of the United States, to wit: the AECA, Title 22, United States Code, Section 2778, the ITAR, Title 22, Code of Federal Regulations, Parts 120-130, the ECRA, Title 50, United States Code, Section 4819, and the EAR, Title 15, Code of Federal Regulations, Parts 730-774.

13. In violation of Title 18, United States Code, Section 554(a).

## FORFEITURE ALLEGATION

14. The Grand Jury realleges and incorporates the allegations in Count 1 of this Indictment, which are incorporated by reference as though fully set forth herein.

15. Pursuant to Title 18, United States Code, Sections 924(d) and 981, Title 21, United States Code, Section 853, and Title 28, United States Code, Section 2461(c), and upon conviction of the offense alleged in Count 1 of this Indictment, Defendant shall forfeit to the United States of America all right, title, and interest in (a) any property constituting, or derived from, any proceeds the persons obtained, directly or indirectly, as the result of the offense, and (b) any of Defendant's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense as to which property Defendant is liable. If any forfeitable property, as a result of any act or omission of Defendant:

(1) cannot be located upon the exercise of due diligence,

- 4 -

(2) has been transferred or sold to, or deposited with, a third party,

(3) has been placed beyond the jurisdiction of the court,

(4) has been substantially diminished in value, or

(5) has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of said Defendant up to the value of the above-described forfeitable property, pursuant to Title 21, United States Code, Section 853(p).

16.    All in accordance with Title 18, United States Code, Sections 924(d) and 981, Title 21, United States Code, Section 853, and Title 28, United States Code, Section 2461(c), and Rule 32.2, Federal Rules of Criminal Procedure.

A TRUE BILL

_____/s/_____
FOREPERSON OF THE GRAND JURY
Date: May 12, 2026

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

_____/s/_____
PATRICK E. CHAPMAN
Assistant U.S. Attorney